ALEMANY, DEMANDANTE Y APELADO, *v.* GARCÍA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre acción para recobrar la posesión.

No. 1780.—Resuelto en marzo 14, 1918.

ACCIÓN PARA RECOBRAR LA POSESIÓN — REQUISITOS INDISPENSABLES. — Para que prospere una acción para recobrar la propiedad sólo se exigen como requisitos indispensables la posesión real de la propiedad por parte del demandante y la privación de la posesión por algún acto ilegal del demandado.

ADMINISTRADOR JUDICIAL—INCAUTACIÓN DE BIENES DE PERSONAS EXTRAÑAS A LA HERENCIA—ACTO ILEGAL.—El hecho de que una persona nombrada administrador judicial prive, sin orden o autorización de la corte, y valiéndose de la certificación expedídale de su nombramiento, de la posesión de una finca a una persona extraña a la herencia constituye un acto ilegal, pues obra con extralimitación de sus facultades de administrador.

ID.—ID.—DERECHOS DOMINICALES DE LOS HEREDEROS—MODO DE RECLAMARLOS.—
No pudiendo un administrador judicial ocupar una finca que esté poseyendo
persona extraña a la herencia, si los herederos tienen algún derecho dominical
sobre esa finca por haber pertenecido a su causante pueden, conforme al ar-
tículo 443 del Código Civil, ejercitarlo en forma correspondiente impetrando
el amparo de los tribunales de justicia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el de-
mandado contra sentencia que en 28 de febrero de 1917 pro-
nunció la Corte de Distrito de Mayagüez declarando con lu-
gar la demanda y ordenando en su consecuencia que el de-
mandante sea restituído en la posesión de un trozo de te-
rreno de 16 cuerdas de extensión que forma parte de una finca
de 47 cuerdas, cuya posesión será respetada por el deman-
dado, con imposición a éste de costas, gastos, desembolsos y
honorarios de abogado.

En la demanda enmendada archivada en 19 de diciembre
de 1916, "sobre acción para recobrar la posesión," alega el
demandante Gaspar Alemany y Oliver como hechos funda-
mentales de su acción que por escritura pública otorgada a
su favor en 17 de julio de 1915 por el márshal de la Corte de
Distrito de Mayagüez en virtud de orden de dicha corte, ad-
quirió en subasta pública una finca rústica de 47 cuerdas ra-
dicada en el barrio de Cerrote del término municipal de Las
Marías, bajo las colindancias que describe, cuya escritura fué
inscrita en el registro de la propiedad a favor del comprador;
que desde la fecha expresada entró en posesión de dicha finca;
que el demandado Epifanio García Hernández en su carácter
de administrador judicial de la sucesión de Isidro García, a
fines de noviembre de 1915, sin orden ni autorización de la
corte ilegal y violentamente le arrebató la posesión de una
parcela de 16 cuerdas, parte de la finca descrita, situada al

lado noroéste de ella; y que desde fines de noviembre de 1915 ha continuado el demandado en posesión de dicha parcela, utilizando sus productos, hasta que en el mes de julio de 1916 fué restituído el demandante en la posesión por orden que dictó la corte para asegurar la efectividad de la sentencia.

La demanda concluye con la súplica de que se dicte sentencia ordenando que el demandante sea restituído en la posesión de las 16 cuerdas, debiendo respetar el demandado esa posesión, sin perjuicio de que si se cree con algún derecho sobre la parcela de terreno lo utilice de acuerdo con la ley, con imposición al demandado en la representación en que ha obrado, del pago de las costas, gastos, desembolsos y honorarios del abogado del demandante.

El demandado al contestar la demanda opuso la excepción de que no aduce hechos suficientes para determinar una causa de acción y además alegó que al mostrar al demandante la credencial de administrador de los bienes del difunto Isidro García dicho demandante voluntariamente le entregó la posesión de la finca de 16 cuerdas que el demandante estaba poseyendo sin derecho alguno para ello; que esas 16 cuerdas no forman parte de ninguna finca del demandante pues pertenecen en pleno dominio a la sucesión de Isidro García fallecido en 25 de octubre de 1881, quien las adquirió en 29 de enero de 1880 por compra a Juan Santos Sotomayor, cuyo título fué inscrito en el registro de la propiedad en 28 de julio del año siguiente, mientras que el título del demandante deriva de expediente posesorio cuya inscripción no ha sido convertida en inscripción de dominio.

Celebrado el juicio la corte de Mayagüez dictó la sentencia que como dijimos al principio es la materia del presente recurso sometido a nuestra consideración.

Alega la parte apelante como motivos del recurso los siguientes:

1°. Que la corte erró al resolver y considerar el caso como uno de acción posesoria siendo realmente de acción reivindicatoria, según las alegaciones del demandante.

2º. Que la corte erró en la apreciación de la prueba, y la sentencia es contraria a la ley.

3º. Que la prueba del demandante es insuficiente para declarar con lugar la demanda.

La acción que ejercita el demandante es posesoria, pues así se expresa en el título de la demanda, ''sobre acción para recobrar la posesión,'' lo confirma la súplica de la misma en la que sólo se solicita la restitución en la posesión sin pedir declaratoria alguna de dominio, y lo demuestra la misma demanda en que se alega la posesión del demandante y. la privación de ella por el demandado de modo ilegal. Las alegaciones del título de propiedad en virtud del cual el demandante tiene derecho a la posesión y de su consiguiente inscripción en el registro podrán ser innecesarias, pero no varían el objeto de la acción.

Ciertamente que falta prueba de que el demandado arrebatara al demandante violentamente el terreno de que se trata; y ello tampoco era necesario para el buen éxito de la acción ejercitada. Para que dicha acción prospere sólo se exigen como requisitos indispensables la posesión real de. la propiedad por parte del demandante y la privación de la posesión por algún acto ilegal del demandado. Es indiscutible que Gaspar Alemany y Oliver estaba en posesión de las 16 cuerdas de terreno y que el demandado Epifanio García Hernández le privó de esa posesión por modo ilegal. El demandado, como muy bien dice el juez en su opinión, no solicitó ni obtuvo orden o autorización de la corte para tomar posesión; sólo poseía el nombramiento de administrador judicial por certificación o mandamiento del secretario de dicha corte, en el cual se describía la finca de que debía incautarse como se incautó el administrador, pero ese documento no equivale a una orden o resolución ni autorizaba al demandado para tomar posesión de la finca descrita. El nombramiento de administrador judicial en los términos en que fué expedido fué la causa determinante de que el demandante se prestara a dejar el terreno pues al decirle el deman-

dado al reclamarle la finca, "Entérese de eso," aludiendo a la credencial de su nombramiento de administrador judicial, el demandante le contestó que si no iba el márshal de la corte no le daba posesión y que si tomaba posesión le pagaría daños y perjuicios. El acto del demandado fué un acto ilegal pues obraba con extralimitación de sus facultades de administrador judicial y no podía producir efectos legales.

El administrador García Hernández no podía ocupar una finca que estaba poseyendo una persona extraña a la herencia de Isidro García fallecido el 25 de octubre de 1881, y si los herederos del Isidro García tenían algún derecho dominical sobre esa finca por haber pertenecido a su causante, ha podido ser ejercitada en la forma correspondiente impetrando el amparo de los tribunales de justicia.

El que se crea con acción o derecho para privar a otro de la tenencia de una cosa siempre que el tenedor resista la entrega deberá solicitar el auxilio de la autoridad competente, según el artículo 443 del Código Civil. Y el artículo 448 preceptúa que todo poseedor tiene derecho a ser respetado en su posesión; y si fuere inquietado en ella deberá ser amparado o restituído en dicha posesión por los medios que las leyes de procedimiento establecen.

El demandante no obró expontánea y voluntariamente al entregar la finca al demandado, pues si se prestó a la entrega fué por la influencia que ejerció en su ánimo la credencial de administrador judicial que le presentó el demandado para conseguir el fin que se proponía, y su resistencia se demostró al exigir para la entrega la presencia del márshal de la corte y reclamar daños y perjuicios. Debe ser restituído en su posesión.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.